1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9   JAMES E. SMITH,                          CASE NO. 1:06-CV-00310-AWI-LJO-P

10              Plaintiff,                    FINDINGS AND RECOMMENDATIONS
                                             RECOMMENDING DISMISSAL OF ACTION
11        v.                                 FOR FAILURE TO OBEY THE COURT'S
                                             ORDERS
12   SCRIBNER, et al.,
                                             (Docs. 3 and 9)
13              Defendants.
     _____/
14

15        Plaintiff James E. Smith ("plaintiff") is a state prisoner proceeding pro se in this civil action.

16   Plaintiff filed this action on March 22, 2006, and on April 5, 2006, the court ordered plaintiff to

17   either pay the $250.00 filing fee in full or file an application to proceed in forma pauperis.  On May

18   22, 2006, plaintiff filed a motion seeking an extension of time.  Plaintiff's motion was granted on

19   June 7, 2006, and plaintiff was ordered to comply with the court's order of April 5 within thirty days.

20   More than thirty days have passed and plaintiff has not complied with or otherwise responded to the

21   court's order.

22        Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local

23   Rules or with any order of the Court may be grounds for the imposition by the Court of any and all

24   sanctions . . . within the inherent power of the Court."  District courts have the inherent power to

25   control their dockets and "in the exercise of that power, they may impose sanctions including, where

26   appropriate . . . dismissal of a case."  Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir.

27   1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an

28   action, failure to obey a court order, or failure to comply with local rules.  See, e.g. Ghazali v.

1

1   Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v.

2   Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order

3   requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)

4   (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of

5   address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to

6   comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for

7   failure to lack of prosecution and failure to comply with local rules).     In determining whether

8   to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with

9   local rules, the court must consider several factors: (1) the public's interest in expeditious resolution

10  of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants;

11  (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less

12  drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d

13  at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

14        In the instant case, the court finds that the public's interest in expeditiously resolving this

15  litigation and the court's interest in managing the docket weigh in favor of dismissal.  The third

16  factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of

17  injury arises from the occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air

18  West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of

19  cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.

20  Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal

21  satisfies the "consideration of alternatives" requirement.  Ferdik v. Bonzelet, 963 F.2d at 1262;

22  Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.  The court's order requiring plaintiff to  pay

23  the filing fee in full or submit an application to proceed in forma pauperis expressly stated:  "Failure

24  to comply with this order will result in a recommendation that this action be dismissed."  Thus,

25  plaintiff had adequate warning that dismissal would result from his noncompliance with the court's

26  orders.

27        Accordingly, the court HEREBY RECOMMENDS that this action be dismissed, without

28  prejudice, based on plaintiff's failure to obey the court's orders of April 5, 2006, and June 7, 2006.

1    These Findings and Recommendations are submitted to the United States District Judge

2    assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**

3    **days** after being served with these Findings and Recommendations, plaintiff may file written

4    objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's

5    Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

6    specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d

7    1153 (9th Cir. 1991).

8

9    IT IS SO ORDERED.

10   **Dated:      August 16, 2006**                    _____/s/ Lawrence J. O'Neill_____
     b9ed48                                             UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28