# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMES E. SMITH, | ) | CASE NO. 1:06-CV-00310-AWI-LJO-P |
|         Plaintiff, | ) | ORDER DENYING MOTION FOR JUDGMENT AND FOR THE APPOINTMENT OF COUNSEL |
|    v. | ) | |
| SCRIBNER, et al., | ) | (Doc. 16) |
|         Defendants. | ) | ORDER DIRECTING PLAINTIFF TO PAY FILING FEE IN FULL OR FILE APPLICATION TO PROCEED IN FORMA PAUPERIS WITHIN THIRTY DAYS OR THIS ACTION WILL BE DISMISSED |
| | ) | (Doc. 16) |
| | / | ORDER DIRECTING CLERK'S OFFICE TO SEND IFP APPLICATION TO PLAINTIFF |

      Plaintiff James E. Smith ("plaintiff") is a state prisoner proceeding pro se in this civil action. On April 5, 2006, the Magistrate Judge issued an order requiring plaintiff to either pay the $350.00 filing fee in full or file an application to proceed in forma pauperis. On June 7, 2006, the Magistrate Judge granted plaintiff's motion for an extension of time and gave plaintiff an additional thirty days to comply with the order. On August 18, 2006, after more than sixty days had passed without plaintiff complying with or other responding to the court's order, the Magistrate Judge issued a Findings and Recommendations recommending dismissal of the action. Plaintiff filed an objection on November 6, 2006, after obtaining an extension of time. In his objection, plaintiff seeks the appointment of counsel and for judgment on the merits.

///

1

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). <u>Rand v. Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997). Without a reasonable method of securing and compensating counsel, this court will seek volunteer counsel only in the most serious and exceptional cases.

In the present case, the court does not find the required exceptional circumstances. <u>See</u> <u>Rand</u>, 113 F.3d at 1525. Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases almost daily. Therefore, plaintiff's request for the appointment of counsel shall be denied.

Plaintiff's objection is largely non-responsive to the issue at hand. Plaintiff's only relevant response to the issue are his assertions that he has only $201.00, and that he is unable to force correctional staff to give him his money and the courts refuse to order them to do so. (Doc. 16, pg. 1.) Plaintiff then concludes that the facts of this case have already been proven. Plaintiff's motion for entry of judgment shall be denied. There is no basis for such an order.

Assuming the truth of plaintiff's position that he only has $201.00, plaintiff is eligible to proceed in forma pauperis in this action and would not be ordered by the court to tender the filing fee in full. However, plaintiff is required to file an application to proceed in forma pauperis, which he has not done. <u>See</u> 28 U.S.C. § 1915. Plaintiff makes no showing in his objection that he filled out an application to proceed in forma pauperis and gave it to prison officials for completion and submission to the court.

In the interest of leniency, the court will provide plaintiff with an additional thirty days to file an application to proceed in forma pauperis. If plaintiff fails to do so, the Findings and Recommendations will be adopted in full and this action will be dismissed, without prejudice.

///

///

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion for entry of judgment and for the appointment of counsel is DENIED;
2. The Clerk's Office shall send plaintiff an application to proceed in forma pauperis by a prisoner;
3. Within **thirty (30) days** from the date of service of this order, plaintiff shall file an application to proceed in forma pauperis; and
4. If plaintiff fails to comply with this order, the Findings and Recommendations filed on August 18, 2006, will be adopted in full and this action will be dismissed, without prejudice.

IT IS SO ORDERED.

**Dated:**   **November 19, 2006**           /s/ Anthony W. Ishii
0m8i78                                            UNITED STATES DISTRICT JUDGE