# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMES E. SMITH, | ) | CASE NO. 1:06-cv-00310-AWI-LJO PC |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTIVE RELIEF, MANDAMUS, AND TO COMPEL BE DENIED |
| v. | ) | |
| SCRIBNER, et al., | ) | |
| Defendants. | ) | (Docs. 13, 14, 18, and 20) |

Plaintiff James E. Smith ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil action. Plaintiff, who is housed Kern Valley State Prison, filed this action on March 21, 2006. On September 20, 2006, plaintiff filed a motion seeking a court order requiring defendants to grant plaintiff medical care and treatment, recreation, programs, activities, and canteen and package privileges, and to cease discriminating against him, and a motion seeking treble damages and damages under patent litigation, to compel the production of documents, and a writ of mandamus. (Docs. 13, 14.) On December 11, 2006, plaintiff filed a motion seeking a court order requiring defendants to grant plaintiff mailing privileges and access to the courts. (Doc. 18.) On December 26, 2006, plaintiff filed a motion which in part seeks an order mandating his transfer to San Quentin State Prison or Vacaville State Prison due to plaintiff's inability to obtain medical care.

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1)

1  a combination of probable success and the possibility of irreparable harm, or (2) that serious
2  questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air
3  Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must
4  demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the
5  plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must
6  demonstrate a fair chance of success of the merits, or questions serious enough to require litigation."
7  Id.

8  Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must
9  have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103
10 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and
11 State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d
12 1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has
13 no power to hear the matter in question. Id. "A federal court may issue an injunction *if* it has
14 personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may *not*
15 attempt to determine the rights of persons not before the court." Zepeda v. United States
16 Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).

17 At this juncture, there is no case or controversy before the court. In a separate order issued
18 concurrently with this Findings and Recommendations, the court dismissed plaintiff's complaint,
19 with leave to amend, for failure to state any claims upon which relief may granted. Until and unless
20 plaintiff is able to state a cognizable claim for relief under federal law, there is no case or controversy
21 before the court and plaintiff is not entitled to any preliminary injunctive relief. In addition,
22 plaintiff's motions are utterly unsupported with any evidence demonstrating "either (1) a
23 combination of probable success and the possibility of irreparable harm, or (2) that serious questions
24 are raised and the balance of hardship tips in its favor." Arcamuzi, 819 F. 2d at 937.

25 With respect to mandamus, district courts have "original jurisdiction of any action in the
26 nature of mandamus to compel an officer or employee of the United States or any agency thereof to
27 perform a duty owed to the plaintiff." 28 U.S.C. § 1361. "Mandamus is an extraordinary remedy
28 . . . [and] is appropriately issued only when (1) the plaintiff's claim is clear and certain; (2) the

defendant official's duty to act is ministerial, and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available." Barron v. Reich, 13 F.3d 1370, 1374 (9th Cir. 1994) (internal citations and quotations omitted).

In addition to the fact that plaintiff has made no showing he is entitled to mandamus, this court has no jurisdiction over state officials. 28 U.S.C. § 1651; see also Demos v. United States Dist. Court for E. Dist. Of Wash., 925 F.2d 1160, 1161 (9th Cir. 1991). Therefore, plaintiff's motion would have to be denied, other fatal deficiencies notwithstanding.

With respect to plaintiff's motion to compel, any such motion is premature. The only party to this action at this juncture is plaintiff and discovery is not open.

Based on the foregoing, the court HEREBY RECOMMENDS that plaintiff's motions for preliminary injunctive relief, mandamus, and to compel, filed September 20, 2006, December 11, 2006, and December 26, 2006, be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     January 24, 2007            /s/ Lawrence J. O'Neill**
b9ed48                                 UNITED STATES MAGISTRATE JUDGE