# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES E. SMITH,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>SCRIBNER, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:06-cv-00310-AWI-NEW (DLB) PC<br><br>ORDER DENYING MOTION FOR PRELIMINARY INJUNCTIVE RELIEF<br><br>(Doc. 33)<br><br>ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE ANY CLAIMS UPON WHICH RELIEF MAY BE GRANTED UNDER SECTION 1983<br><br>(Doc. 34)<br><br>ORDER THAT THIS DISMISSAL COUNTS AS A STRIKE PURSUANT TO 28 U.S.C. § 1915(G) |

I.　Screening Order

　　A,　Screening Requirement

Plaintiff James E. Smith ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil action. Plaintiff filed this action on March 21, 2006. On January 25, 2007, the Magistrate Judge dismissed plaintiff's complaint, with leave to amend, for failure to state any claims upon which relief may be granted under section 1983. Plaintiff filed an amended complaint on April 26, 2007, along with a motion seeking preliminary injunctive relief.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

B.   Plaintiff's Section 1983 Claims

Plaintiff is currently incarcerated at Kern Valley State Prison in Delano, California. Plaintiff's claims apparently arise both from his current conditions of confinement and from events which occurred when plaintiff was arrested by police, although the precise factual bases for plaintiff's claims are not clear from the amended complaint.

1    To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under
2 color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal
3 law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). The Civil Rights Act
4 under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the deprivation
> of any rights, privileges, or immunities secured by the Constitution .
> . . shall be liable to the party injured in an action at law, suit in equity,
> or other proper proceeding for redress.

42 U.S.C. § 1983.

Section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "'A person 'subjects' another to the deprivation of a constitutional right, within the meaning of [§] 1983, if [that person] does an affirmative act, participates in another's affirmative acts or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 466 F.3d 676, 689 (9th Cir. 2006) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also be setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

As set forth above, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns, 122 F.3d at 1257 (quoting Ivey, 673 F.2d at 268). In this instance, although plaintiff alleges claims for relief under section 1983 for violation of his rights under the Fourth, Seventh, Eighth, and Fourteenth Amendments of the United States Constitution, plaintiff's amended complaint is devoid of factual allegations linking specific acts or omissions of the named defendants to a violation of his rights under federal law, and the bases for plaintiff's claims against the defendants are so unclear that the court cannot determine whether or not plaintiff's rights under federal were violated. For example, plaintiff alleges that "Defendants County and Individual Employees of the City Department of Social Services violated plaintiff rights

3

under the Fourteenth Amendment . . . by malicious prosecution," and plaintiff suffered severe emotional distress and irreparable injury as a result. (Doc. 34, pg. 5.) This vague allegation does not give rise to a cognizable claim for relief under section 1983. Plaintiff was previously notified of these exact deficiencies and failed to cure them. Accordingly, this action shall be dismissed for failure to state a claim.

      C.     Conclusion

Plaintiff's amended complaint does not state any claims upon which relief may be granted under section 1983. Plaintiff was previously provided with the opportunity to amend to cure the deficiencies in his claims but was either unable or unwilling to do so. Because the deficiencies present in plaintiff's original complaint were repeated in plaintiff's amended complaint, leave to amend a second time shall not be granted and this action shall be dismissed for failure to state a claim. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

In light of the dismissal of this action for failure to state a claim, plaintiff is not entitled to any preliminary injunctive relief, and his motion seeking a court order aimed at remedying his current conditions of confinement, filed April 26, 2007, is denied. City of Los Angeles v. Lyons, 461 U.S. 95, 101, 103 S.Ct. 1660, 1665 (1983); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006).

Based on the forgoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for preliminary injunctive relief, filed April 26, 2007, is DENIED;
2. This action is DISMISSED, with prejudice, for failure to state any claims upon which relief may be granted under section 1983; and
3. This dismissal shall count as a strike pursuant to 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

**Dated:   May 8, 2007**             /s/ Anthony W. Ishii
                                                          UNITED STATES DISTRICT JUDGE